Michael Jayne 442947
utah County Jail
3075 N. Main st
spanish fork, ut 84660
Pro Se

RECEIVED CLERK
OCT 01 2026
U.S. DISTRICT COURT

Case: 2:26-cv-00912
Assigned To : Barlow, David
Assign. Date : 10/1/2026
Description: Jayne v. Utah County et al

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

MICHAEL JAYNE,
Plaintiff,

v.

UTAH COUNTY; DEBBIE HILL; MICHAEL SPENCER BROWN; JOSH ESKIN;
Defendants.

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION

Plaintiff Michael Jayne, pro se, hereby complains against Defendants Utah County,

Debbie Hill, Michael Spencer Brown, Josh Espler, and state as follows:

INTRODUCTION

1. Plaintiff Michael Jayne brings this new civil rights action to remedy Defendant Utah's failure to provide constitutionally adequate representation to him in the aggravated assault case against him, in which the County is seeking three life sentences. The County's failure deprives and threatens to deprive Plaintiff of rights guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution, Article I, § 12 of the Utah Constitution, and Article I, § 24 of the Utah Constitution.

2- Plaintiff brings additional civil rights claims, to remedy Defendant Debbie Hill, Michael spencer Brown, Josh Esplin, all supervisors in the utah County Public Defenders office, sued in Their official Capacity, for Their official policies- to secretly record attorney client phone calls, between Jayne and his public Defender Carly madsen, without either Consent. Their actions and illegal official policies, as supervisors violate Mr. Jaynes Fourth, sixth and fourteenth Amendment rights. Additional Federal and state claims are brought under Title III of

the omnibus crime Control Act of 1968, 18 U.S.C §§ 2510 (The federal wiretap Act) and utahs Interception of Communications Act ("utahs wiretap Act"), utah Code Ann § 77-23a-10.

3. Hall, Brown, Esplins illegal recording without all parties consent, of attorney client phone calls, violates Article 1 §§ 12 and 24 of utahs Constitution.

4. Hall, Brown, Esplin, policy makers within the utah County Public Defenders office, are Not Mr Jaynes assigned public Defender. they are sued in

their official capacity, based on their official policies, that have no relation, or connection to Mr. Jaynes representation in Court and their actions, are not related to the ongoing criminal prosecution. Nor does this suit interfere the ongoing prosecution in anyway.

5. Hill, Brown and Esplin are sued in their individual capacity, with regard to the violation of Title III, 18 U.S.C §§ 2510 Federal wiretap Act claims and Utah Code Ann § 77-23a-10.

6. Plaintiff seeks a declaration from this Court that defendant

utah County's contract between utah County and the utah County Public Defenders office, deprives Plaintiff of his rights under the sixth and fourteenth Amendments to the united states Constitution. Plaintiff also seeks a declaration from this Court that the Contract with the Public Defenders office, violates Jaynes rights under Article I §§ 12 and 24 of the utah Constitution (right to Counsel and uniform operation of the laws).

7- Plaintiff seeks a declaration from the Court, that Defendants Debbie

Hill, Michael spencer Brown, Josh Esplin betrayal of the defense bar; illegally secretly recording attorney client phone calls, without Mr. Jayne and his assigned public defenders consent Carly Madsen; violates Jaynes rights protected by the fourth, sixth and Fourteenth Amendments to the united States Constitution. And violates Article 1 § 12 and 24 of the utah Constitution (right to Counsel and uniform operation of the laws).

8. Plaintiff seeks a declaration from

The Court, That Defendant Debbie Hill, Michael spencer Brown, Josh Esplin's - official policy actions enacted in the public Defenders office - secretly recording attorney client phone calls, between Jayne and his assigned public defender Carly Madsen, without either of their Consent - violates Title III of the federal wiretap Act, and utah's Interception of Communications Act, utah Code Ann § 77-239-10.

9. Plaintiff seeks this courts protection of his Constitutional rights, and he

asks the Court to enjoin Defendant Utah County from further violation of his rights, through provision of adequate and timely funding of his defense in his aggravated assault case.

10. Plaintiff seeks this Court's protection of his Constitutional rights and rights protected by Title III and Utah Code Ann § 77-23a-10, to not have his privileged attorney client phone calls, intercepted and recorded without either Jayne or his public defender Carly Madsens consent.

11. Defendants all acted with Intentional and wanton callous disregard for Jaynes Federal and state protected rights.

Defendants acted under Color of state law regarding Federal and state Constitutional violations under 42 U.S.C 1983 and 1988.

Defendants knew or should have known, that their actions violated Mr. Jaynes federally and state, protected rights, yet violated them anyway.

In a similar fact pattern, but unrelated to the facts or claims in this newly filed case, Utah County

Deprived Mr. Jayne of a Constitutionally adequate defense with his Capital murder prosecution in USDC Case No. 2:26-cv-000109-JNP, The Court appointed Pro Bono Counsel and as a result of that litigation, to receive adequate defense funding in the active capital prosecution, The County settled the case for 1.6 million dollars in capital defense funding. None of the claims in this case are related to that case, as it only addressed capital defense funding.

JURISDICTION AND VENUE

12. This action arises under the Constitution and laws of the United States,

including 42 U.S.C §§ 1983, 1988, Title III, 18 U.S.C § 2510, Utah Code Ann § 77-239-10.

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C §§ 1331 and 1343 relative to the federal claims. Jurisdiction for the supplemental state law claims is conferred upon this Court by 28 U.S.C § 1367.

13. Venue is proper with the District of Utah pursuant to 28 U.S.C § 1392 (b) because all of the events giving rise to the claims in this matter occurred within the District of Utah.

PARTIES

14. Plantiff Michael Jayne is currently incarcerated in utah County Jail on a charge of aggravated assault, assault by a prisoner x2, in criminal case 251402923 pending in the fourth Judicial District Court in utah County, utah. This case will henceforth be referred to as the "Aggravated Assault Case". Plantiff is 44 years old. And a California resident and citizen.

15. Defendant utah County (henceforth, "the County" or "Defendant County") is a political subdivision of the state of utah. And this case is one of Diversity as it pertains to all the state law claims.

16. Defendant Debbie Hill, is sued in her official capacity as the Utah County Public Defender, based on her official policies that had no connection, to Mr. Jaynes representation, between him and his public Defender Carly Madsen. She is sued in her individual capacity relating to federal and state wiretap Act violations.

17. Defendant Michael Spencer Brown, is sued in his official capacity as chief deputy Public Defender - Based on his official policies that had no connection, to Mr. Jaynes representation, between him and his public Defender Carly Madsen. He is sued in his individual capacity

relating to federal and state wiretap Act violations.

18. Defendant Josh Esplin, is a chief Deputy Public Defender, sued in his official capacity, for the official policies - that had no connection, to Mr. Jaynes representation - Between Jayne and his public Defender Carly Madsen. He is sued in his individual capacity for claims relating to federal and state wiretap Act violations.

## FACTS

DEFENDANT Utah County is seeking to convict and sentence Plaintiff to three life sentences

18. Plaintiff has been detained pending trial

on the aggravated assault case since August 2025.

19. On or about August 3, 2025, the date of Plaintiff's intial appearance in the Aggravated Assault Case, Plaintiff was found to be indigent and remains indigent to the date of this complaint.

20. Jonathan Nish and Jamshid Askar was appointed to Plaintiff's aggravated assault case throughout August, september, october, November 2025, but despite working on the case for Four months, utah County refused to compensate Nish and Askar.

21. Nish and Askar sent Greg Skordas, Ezra Nav, numerous emails requesting funding in the aggravated assault case,

in August, september, october of 2025 to no avail. Skordas and Nair would not reply, to Nish and Askars request, to be compensated and to provide compensation with expert witnesses.

22. In November 2025 Askar filed a Motion with the District Court, requesting funding, for him and Nish, based on being lawfully appointed.

23. Adam Pomeroy objected to the Motion for funding, which led to Askar withdrawing from the Aggravated Assault Case and withdrew from his capital Case, as a third attorney.

24. The utah County Public Defenders office was then appointed to M. Jaynes aggravated assault case and Nish remained on the case, being forced to work Pro Bono to date, remaining on the case.

25. Carly Madsen was assigned to the case, from the Public Defenders office, in November 2025.

26. Starting in November 2025 Through April 2025 over 15 attorney client phone calls were, secretly recorded by Debbie Hill, Michael Brown and Josh Esplin, without M. Jayne or Carly Madsens Consent.

27. The utah County Public Defenders office phone number 801-852-1090, has been programmed, by the utah County Jail, to be a private, non-recorded phone number. the Jail post disclaimers in every Jail unit since may 2024 until present, on billboards, that the utah County Public Defenders number listed above is private and not recorded.

28. Further, unlike typical calls made on the Jails phone system operated by SECURUS, calls to the public defenders number listed above, does Not have any disclaimers, stating

that "calls maybe monitored or recorded". this disclaimer is not present on the calls to the 801-852-1070, as they have been programmed as free and private.

29. Furthermore, the only calls that directly connect as free, not requiring acceptance, by the recipient of the called party, ARE preprogrammed by the Jail, calls to public Defenders and appointed attorneys.

30. Jayne at no time gave consent to anyone, or his assigned public Defender Carly Madsen, that he consented

to his attorney client calls to be secretly recorded or monitored by others. He never even authorized Madsen to record or share his calls to her either.

31. Despite all of this and an absolute expectation of privacy in his attorney client calls between Carly Madsen and W. Jayne all of his attorney client phone calls, were recorded and monitored by Debbie Hill, Michael Brown and Josh Esplin, without Jayne or even Madsens consent.

32. In April of 2026 W. Jayne became concerned his calls were being recorded. And asked Madsen, which she stated, she would asks if they were to her supervisors, Debbie Hill, Michael Brown and Josh Esplin.

33. In late April of 2026 Madsen told Jayne, that it was Debbie Hill, Michael Brown, Josh Esplins policy, to record all the phone call's, between Jayne and her and Madsen stated, "Im sorry I dont Consent to it either, but they Make the policies".

34. From August 2025 until the present date, Jonathan Vish has not been compensated one time, for his representation, after his legal and lawful appointment by the Court in August 2025.

35. In september 2026 Carly Madsen stated that the Utah County Public Defenders office budget had been exhausted and the County failure to provide adequate funding, has led to her having over 150 clients and she doesn't have the time to dedicate to Jaynes case.

36. From November 2025 until September 2026, Madsen had not submitted subpoenas or filed any motions, because she stated she is overwhelmed and has way to many clients and stated its based on the meager budget provided to utah county Public Defenders office by utah county.

37. In september 2026 Jonathan Nish provided the name of a Emergency Room and Biomechanics/Biomedical Expert, who stated he would assist the defense, as a material expert witness. His hour Rate is 1000 an

how and stated he would need 50 hours total for being an expert on the case.

38. Utah County summarily denied to compensate the Utah County Public Defenders for this expert, needed to prove Mr. Jaynes innocence.

39. On september 20, 2026 Carly Madsen said "sorry we just dont have money for experts" and they would try to get a non-licensed retired state forensic pathologist to review records.

40. Jonathan Nish is the only attorney who has worked on the case and he continues to not be paid by Utah County.

41. Jaynes ability to prepare for a defense and have defense resources on a case, which could give him 3 life sentences, is leading to a crisis.

42. Thomas Law, the Judge assigned to Jaynes case, stated in writing the criminal court has no authority to order the County to compensate

an attorney -

43. The state of utah is Constitutionally required to provide effective assistance of Counsel to indigent defendants. In Cases, where a defendant is facing three life sentences, the stakes couldn't be higher and Jayne is entitled to high quality legal representation. to include defense resources, through adequate funding of defense experts.

44. the state has invoked a victims speedy trial rights to fast track the case to trial, while Jaynes defense has little to no defense resources to put on a defense.

45. The state of utah delegated their Constitutional duty to Counties, including utah County.

46. under utahs Indigent Defense Act, an indigent defense system (such as the County's) "shall ensure an indigent defense service provider has the ability to exercise independent judgement without fear of retaliation and is free to represent an indigent individual based on the indigent defense service provider's own independent judgement,"[1] "the ability to provide representation to accused individuals in criminal cases at the critical stages of proceedings",

[1] An "indigent service provider" is "an attorney or entity appointed to represent an individual through," "a contract with an indigent defense system to provide indigent defense services" U.C.A § 78B-22-102(7)

and "adequate compensation without financial disincentives". U.C.A. § 78B-22-404(1)(a)(ii)(A), (C), (E).

47. In August 2025 when Jonathan Nish and Jamshid Askar were appointed to Mr. Jaynes aggravated assault case, lawfully appointed by the Court. they became "indigent service providers" and the Counties failure to compensate them is an egregious violation of Mr. Jaynes federally and state protected rights.

48. The Utah County Public Defenders are also deemed "Indigent service providers" and Utah County, provided a underfunded,

contract, that has led to Mr. Jayne now not having any defense resources and an attorney who has 150 plus clients, that just graduated law school 1 year ago - the ABA states that an attorney/client ratio such as this is unconstitutional.

49. Utah County refused to honor the Courts authority when it appointed Nish and Askar and refused to enter into a contract and refused to compensate Nish and Askar and refused to provide defense resources, which has led to Jayne losing Askar as an attorney.

DEFENDANT UTAH COUNTY FAILURE TO COMPENSATE NISH AND ASKAR HAS LED TO ASKAR WITHDRAWING AND NO DEFENSE RESOURCES

50. Jayne has a pending preliminary hearing set on october 27, 2026, in his aggravated assault case, without any funding to compensate defense experts or his attorneys.

51. Utah Countys current defense funding Contract provided to utah County Public Defenders office, has led to a direct interference and denial on defense funding for critical defense experts.

52. Defendant County - The entity

prosecuting and seeking to give three natural life sentences under the Habitual violent offender enhancement, on his aggravated assault case - retains sole discretion under the Contract with Utah County Public Defenders, to deny defense resources, when the Public Defenders have exhausted the allotted amount for the yearly budget. furthermore, they have sole authority, to deny Plaintiff attorney compensation for Nish and Askar, which they have done, already prejudicing Plaintiff by Askars withdraw and the Public Defenders, working with Nish -

where The Public Defenders do not have any resources to retain much needed experts, an expert Nish vetted and located, that he believe(s) is needed for the defense.

53. Expenses are significant in a Aggravated Assault case, where Plaintiff faces a life sentence, under the HVO enhancement, if found guilty.

54. The experts needed to be provided a Constitutionally adequate defense include; Emergency Room Physician, Biomechanics expert, Evidence Preservation expert, Jail practices expert, use of

force expert.

55. The structure of utah County allotting a limited budget to the utah County Public Defenders, is now and has Caused deprivation of critical defense resources and experts, that are now unable to be hired, due to utah County, refusing to adequately provide Compensation for Jaynes defense.

56. The lack of funding is now Causing Jayne immediate direct harm to Jaynes defense. Nish has been told by Carly

Madsen, that the Public Defenders office simply does not have the funds to hire the expert he located, that is essential to prove Jaynes Innocence. There remains not one expert hired due to lack of funds.

57. The County's refusal to pay experts for Jaynes aggravated assault case Conflicts with ABA Guideline 4.1 which is aimed at insuring that the fact of public funding does not diminish the quality of the assistance that Counsel is able to obtain from experts.

58. In federal criminal cases, the CJA authorizes the payment of necessary investigative, expert, and other services paid up front by the government. Criminal Justice Act Guidelines § 660.10.30 ("upon a finding that timely procurement of necessary investigative, expert, or other services could not await prior authorization, the presiding judicial officer may authorize such services nunc pro tunc consistent with § 310.20.30(b); § 310.20.30(a) 18 U.S.C § 3006A (e)(2) (A) authorizes the obtaining of investigative.

expert, and other services, without prior authorization but subject to subsequent review.... plus expenses reasonably incurred.").

Defendant Utah County Knows that Constitutionally Adequate and High Quality Representation Requires Greater funding than what They Have Provided

59. In spring of 2025, Defendant entered into Contract for indigent defense services in a non-capital Aggravated murder case involving defendant Meggan Randall Sundwell in Fourth District Court Case 251401132.

60. Meggan Sundwell was arrested

and like Jayne faces a life sentence if convicted in her case.

61. Utah County entered into a indigent defense contract with Emily Adams and scott williams, allocating 200,000 total, plus expenses for expert witnesses, investigative fees ect above the 200th number.

62. Utah County entered into a contract with Kathyrn Nester, Richard Novak and Michael Burt (Agreement 2025-839) for Tyler Robinson capital defense, that provides an unlimited

no cap budget for attorney compensation, and his defense has been paid over 800,000 in the last year to date.

63. Plaintiff as a result of a seperate 1983 claim in case No. 2:26-cv-00019-JNP settlement which was reached, utah county provided 1.6 million dollars for Jaynes Capital defense.

64. However, the claims in this case and facts of this case were not apart of the capital defense 1983 case.

65. Despite this. Plaintiff's Counsel Nash has not been paid at all to date and the utah County Public Defenders, have exhausted all available funds to date, that leaves no defense resources for Plaintiff in a case he is facing three life sentences on.

66. In February 2026 Defendant County asked the state legislature for an additional 2 million dollars, after it already approved 1 million for the Tyler Robinson defense, due to

the national sensational attention and politics involved in the Robinson case, Defendant sought adequate funding for Robinson, while leaving all others, particularly Jayne without defense resources, to properly defend three life sentences, if convicted.

67. Nav stated to the state legislature, "we stand ready to fullfill our Constitutional obligations, in addressing the funding request for Robinsons defense.

68. During the same time as this was transpiring, Nav and Utah

County ignored pleas from Mr. Nish and Mr. Askar for Compensation. Nish has an unbilled amount of 49,600 in the aggravated Assault Case and Askar who withdrew had an unbilled amount of 28,940. Both of these amounts were never paid, due to Utah County ignoring Plaintiffs numerous attempts between August 2025 and October 2025 to be paid for defense services and to be provided defense resources to retain experts.

68. Defendant Utah County has a extensive documented pattern and practice

of not providing adequate defense resources to criminal defendants, that are facing lengthy prison sentences on the most severe charges, including life in prison and capital punishment.

69. Utah County has a annual County budget of 220 million dollars and allocates 70 million to the Utah County Sheriffs office. And allocates on information and belief an annual budget for all costs of 5 million dollars to the Utah County Public Defenders office, to represent over 3,000 cases a year.

70. The stakes of the aggravated assault case, could not be higher. As the case alleges violent attacks on several deputies within the jail. Utah County is planning to try and admit this conduct, into W. Jayne's Capital Case, to try and convict Jayne on and kill him. Adequate defense resources are drastically needed to mount a Constitutionally adequate defense.

CLAIMS FOR RELIEF

COUNT I

42 U.S.C § 1983 - SIXTH and Fourteenth Amendments to the United States Constitution Effective Assistance of Counsel

71. Plaintiff incorporates each paragraph of the Complaint as if fully restated herein.

72. The sixth Amendment of The United States Constitution gurantees that a person accused of a crime has the right to effective assistance of Counsel for his defense. This Constitutional duty applies to the states through the Fourteenth Amendment.

73. The state of Utah has delagated its constitutional responsibilities under the Sixth Amendment to the Counties, including Defendant Utah County.

74. In an Aggravated Assault case,

where Defendant utah County is seeking to impose three life sentences under the states HVO enhancement, and where Defendant is going to try and use the evidence of the alleged aggravated assault in Plaintiffs capital case; Defendant utah County is required to provide effective, high quality representation to indigent criminal defendants, including Plaintiff.

75. In the manner more fully described above, Defendant utah County has failed and is failing to compensate counsel, provide any defense resources in Jaynes

Aggravated Assault Case and failing to provide high quality representation to Plaintiff under the Contract provided to Utah County Public Defenders and failing to Compensate Jonathan Nish at all as of September 26, 2026.

76. Defendant Utah County's ongoing Conduct, in violation of Plaintiff's Sixth and Fourteenth Amendment rights. Has caused and is causing him irreparable harm for which there is no adequate remedy at law.

77. Plaintiff seeks injunctive relief and, in the event that a permanent

injunction is entered, reasonable attorneys fees, costs, and expenses relating to this action.

COUNT II

ARTICLE I, § 12 of The Utah Constitution – Rights of Accused Persons

78. Plaintiff incorporates each paragraph of the Complaint as if restated fully herein.

79. Article I, § 12 of The Utah Constitution (Rights of Accused Persons) provides, "In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel. ... In no instance shall any person, before final judgement, be compelled to advance or fees to secure the rights

herein guaranteed". Plaintiff is entitled to effective, high quality legal representation under Article I, § 12 of the Utah Constitution.

80. In the manner described more fully above, Defendant Utah County has failed and is failing to compensate counsel, provide defense resources and failing to provide effective, high quality legal representation to Plaintiff under Utah County's Contract with the Utah County Public Defenders office and failing to compensate Jonathan Nish and Jamshid Askar in the Aggravated Assault Case.

80. Defendants Utah County's ongoing Conduct, in violation of Plaintiff's Constitutional

rights has caused and is causing him irreparable harm for which there is no adequate remedy at law.

81. Plaintiff seeks injunctive relief.

Count III

ARTICLE I § 24 of the Utah Constitution – Uniform operation of the laws

82. Plaintiff incorporates each paragraph of the Complaint as if full restated herein.

83. Article I, § 24 of the Utah Constitution (Uniform operation of Laws) mandates, "[a]ll laws of a general nature shall have uniform operation."

84. In the manner described more fully above, individuals charged with aggravated assault and habitual violent offender enhancements, triggering multiple life sentences,

if convicted in Utah County are appointed counsel by the County.

85. Counsel Jamshid Askar and Jonathan Nish were lawfully appointed by the court as indigent defense providers. The County refused to compensate Askar and Nish, leading to Askars withdraw, violating Article 1 § 24 of the Utah Constitution. Nish remains to be paid at all to date.

86. Utah County provides an inadequate annual budget to the Utah County Public Defenders office. This has led to Plaintiff being denied defense resources and compensation of expert witnesses.

87. The County contracts differently with respect to otherwise similarly situated individuals - Plantiff and Meggan Randall Sundwall are both facing a life sentence. The Contract in Utah County Public Defenders office is materially different from and provides less funding than Sundwall's contract, as described above.

88. Utah County provided a individual Contract to Sundwalls Counsel Scott Willams, allocating 200,000 for her defense. Where as Plantiff two lawfully appointed attorneys Askar and Nish,

were lawfully appointed by the Court and never provided with a contract or funding. This has led to Askars withdraw and Nish has yet to be paid.

89. There is no reasonable objective that warrants this unfair and clear disparity.

90. Defendant Utah County's ongoing Conduct in violation of Plaintiffs state Constitutional rights has caused and is causing him irreparable harm for which there is no adequate remedy at law.

COUNT IV

TITLE III of The omnibus crime Control Act of 1968, 18 U.S.C § 2510 – The Federal Wiretap Act

91. Plaintiff incorporates each paragraph of the Complaint as if fully restated herein.

92. Title III of The Federal Wiretap Act, 18 U.S.C § 2510 Mandates – that secretly recording attorney client phone calls, without one of the partys consent, is a criminal and civil violation.

93. Defendant Debbie Hill, Michael Spencer Brown and Josh Esplin, enacted illegal,

unlawful official policies - to secretly monitor and record Plaintiff and his assigned Public Defender Carly Madsen's telephone calls, without Jayne or Madsens consent, is a clear and direct violation of the federal wiretap Act.

94. Defendant Debbie Hill, Michael Spencer Brown, Josh Esplin's outrageous betrayal and actions has caused Plaintiff, irreparable harm for which there is no adequate remedy at law.

95. Plaintiff seeks injunctive relief and damages.

COUNT VI

UTAH'S INTERCEPTION of Communications Act Code Ann §§ 77-239-10 - Utahs wiretap Act

96. Plantiff incorporates each paragraph of the Complaint as if fully restated herein.

97. Utahs Interception of Communications Act Code Ann § 77-239-10 (Utahs wiretap Act) mandates, that recording of phone calls without, the consent of at least one party, is unlawful and a violation of this statute is subject to criminal and civil penalties -

98. Defendant Debbie Hill, Michael Spencer

Brown and Josh Esplin are the decision makers and policy makers within the Utah County Public Defenders office. They enacted an official policy, without the consent of Plaintiff, or the consent of his assigned Public Defender Carly Madsen, violates Utah's Wiretap Act.

99. There was no reason or lawful justification, for these defendants to violate the attorney client privilege and relationship, by secretly recording the calls of Plaintiff and his public Defender. Defendant Hill, Brown, Esplin's shameful actions have shattered Mr. Jayne's

S

ability to communicate with his counsel without fear of his words being recorded and monitored and has had a harmful and chilling effect on his trust in having privileged attorney client conversations.

100. Plaintiff seeks damages and injunctive relief.

COUNT IIV

42 U.S.C § 1983 - FOURTH, SIXTH and Fourteenth Amendments to the United States Constitution Illegal search and seizure And Effective Assistance of Counsel

100. Plaintiff incorporates each paragraph of the Complaint as if fully restated herein.

101. The fourth Amendment of the United States Constitution, prohibit government

policy makers and supervisors and heads of Public Defenders office, from illegally recording and seizing attorney client phone call's, without the consent of one of the parties.

101. Defendant Debbie Hill is the Utah County Public Defender, Michael Spencer Brown and Josh Esplin are Chief Deputy Public Defenders. Collectively they enacted an unlawful, and illegal policy to secretly monitor and record Plaintiffs attorney client conversations, without his consent or Carly Madsens consent.

102. Defendant Hill, Brown, Esplins actions were not related, nor had

any Connection to the representation of Mr. Jaynes assigned Public Defender Carly Madsen. their official policies and actions have violated Mr. Jaynes Sixth and Fourteenth Amendment rights, to have an expectation of privacy with his attorney and to have effective assistance of counsel, is built on trust and an expectation of privacy. Hill, Brown and Esplins disgusting and shameful actions have destroyed Mr. Jaynes trust in speaking over the phone to his attorneys now.

103. Defendant Hill, Brown, Esplins

ongoing unlawful and illegal conduct in violation of Plaintiff's Constitutional rights has caused him severe irreparable harm for which there is no adequate remedy at law.

164 - Plaintiff seeks injunctive relief.

COUNT IIIV

42 U.S.C § 1983 - Sixth and fourteenth Amendments to the United States Constitution of Illegal Interference of Attorney Client Relationship and Effective Assistance of Counsel

105 - Plaintiff incorporates each paragraph of the Complaint as it restated fully herein.

106 - The sixth and fourteenth Amendments

of the United states Constitution protect Plaintiff, from having the government and state, interfering and obstructing, the attorney client Relationship. This is the foundation of what the sixth Amendment guarantees - Effective Assistance of Counsel. This Constitutional duty mandated to the states, through the Fourteenth Amendment, to not interfere with the Attorney client Relationship.

107. Defendant utah County did just that by their indifference, to Compensate Counsel Askar and Nish when they

requested Compensation. And by Utah County's interference of Plaintiffs relationship with Askar, when prosecutor Pomeroy, obstructed, interfered and objected to Askars, lawful request to be funded, after he was appointed. Pomeroys actions were not related to his assigned prosecutorial duties and had no Connection, to the prosecution.

108. In an Aggravated Assault case, with an Hvo Enhancement, where Plaintiff faces a life sentence, if convicted. This kind of interference with the attorney client Relationship, Cannot stand and blast Plaintiffs sixth and fourteenth

Amendment Rights to effective Assistance of Counsel.

109. Defendant Utah County's conduct of not compensating counsel and through the actions of Adam Dunesay, each separately, violates Plaintiff's Constitutional rights and has caused and is causing him irreparable harm for which there is no adequate remedy at law.

110. Plaintiff seeks injunctive Relief.

COUNT IX
28 U.S.C § 2201
Declaration of Rights

111. Plaintiff incorporates each paragraph

of the Complaint as if fully restated herein.

112. In a case of actual controversy within its jurisdiction, any Court of the United States may declare the rights and other legal relations of any party seeking such declaration, whether or not further relief is or could be sought, under 28 U.S.C § 2201.

113. There is an actual controversy within the jurisdiction of this Court, insofar as the Defendant Utah County has engaged in (and continues to engage

h) actions that violate Plaintiff's Constitutional right to effective assistance of Counsel.

114. There is an actual Controversy within the jurisdiction of this Court, insofar as the Defendant Debbie Hill, Michael Spencer Brown, Josh Esplin has engaged in (and Continues to engage in) actions that violate Plaintiff's federally protected rights under the Federal wiretap Act, to not have his attorney client calls recorded.

115. Plaintiff is entitled to a declaration that the acts at issue

are unlawful and an injunction precluding Defendant Utah County, Debbie Hill, Michael Spencer Brown, Josh Esplin from continuing those acts.

PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment and the following relief;

116. A declaration, pursuant to 28 U.S.C § 2201, that the actions of Defendant Utah County described in this Complaint violate Plaintiff's right to effective and high quality legal representation under the Sixth Amendment of the United States Constitution and Article 1, §

12 of the utah Constitution.

117. A declaration, pursuant to 28 U.S.C § 2201, that the actions of Defendant utah described in this Complaint violate Plaintiff's right to uniform operation of the laws under Article 1 §§ 24 of the utah Constitution.

118. A declaration, pursuant to 28 U.S.C §§ 2201, that the actions of Defendant utah County described in this complaint are denying Plaintiff his rights under the sixth Amendment of the united states Constitution and Article

I § 12 of the Utah Constitution, and present an ongoing practice of depriving Plaintiff effective assistance of Counsel.

119. A declaration pursuant to 28 U.S.C § 2201, that the actions of Defendant Utah County described in this Complaint are denying Plaintiff his right to uniform operation of the laws under Article I §§ 24 of the Utah Constitution, and present an imminent threat that Plaintiff will Continue to be denied that right.

120. A declaration, pursuant to 28 U.S.C § 2201, that the actions of Defendant Debbie Hill, Michael Spencer Brown, Josh Esplin described in this Complaint are denying Plaintiff his rights protected by the Federal Wiretap Act and Utahs Wiretap Act and present an imminent threat that Plaintiff will continue to be denied that right.

121. An injunction, pursuant to 28 U.S.C § 2202, permanently enjoining Defendant Utah County to act as follows;

a. Provide a contract to Jonathan Nish and Rudy Bautista, for indigent defense services, for Jaynes Aggravated Assault Case, matching the terms of the Contract provided to Meggan Randall Sundwalls counsel scott Williams.

b. Provide compensation to Jonathan Nish and Jamshid Askar for hours worked on the Aggravated Assault Case.

c. Provide direct payment of defense resource expert witnesses for Jaynes aggravated assault case.

d. Amend the Contract with the utah county Public Defenders and

provide defense resources enabling Jayne counsel to provide adequate time and payment of expert witnesses.

e. order Debbie Hill, Michael Brown and Josh Esplin to stop recording attorney client calls, without the express consent of either party.

122. Appoint of counsel to litigate Injunctive Relief and enforce Courts orders.

123. Damages According to proof for violations of Federal and utahs wiretap Act.

124. Any other relief this court deems proper.

Respectfully submitted

Dated: September 26, 2026

Michael Jayne

Michael Jayne

Plantiff Pro se